UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS W., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PROVIDENCE HEALTH PLAN, et al.,<br><br>    Defendants. | Case No. 20-cv-04491-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 45 |

The Court granted defendant Providence Health Plan's (PHP) motion to dismiss for lack of personal jurisdiction, with leave to amend. Dkt. No. 36. Plaintiff Chris W. field an amended complaint, Dkt. No. 39, that PHP asks again to dismiss for failing to plausibly allege that it did anything claim-related within California or this District that might establish personal jurisdiction, Dkt. No. 45. The parties' familiarity with record is assumed, and the governing standards stated in the prior dismissal order are incorporated here. PHP is dismissed as a defendant, without prejudice.

Although not crystal clear in the amended complaint, Chris W.'s main argument for personal jurisdiction is that he has now alleged that PHP is "part of and controlled by a larger entity" that is headquartered in California. *See* Dkt. No. 50 at 1; *see also* Dkt. No. 39 ¶¶ 12-13 (alleging PHP is affiliated with defendant Providence Health & Services (PHS), which has headquarters in Irvine, California). Even accepting these rather conclusory allegations as true for present purposes, they fall well short of establishing jurisdiction over PHP. "The existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015); *see also Foster v. United Cont'l Holdings, Inc.*, Case No. 3:19-cv-02530-JD, 2021 WL 2633400, at *1 (N.D. Cal. June 25, 2021).

To the extent Chris W. proposes an alter ego theory as a basis of jurisdiction, which again is not at all clear in the complaint, the effort is misdirected. "To plausibly allege an alter ego relationship, a complaint must present facts showing '(1) there is such a unity of interest and

1  ownership that the individuality, or separateness, of the said person and corporation has ceased,
2  and (2) an adherence to the fiction of the separate existence of the corporation . . . would sanction
3  a fraud or promote injustice.'" *Foster*, 2021 WL 2633400, at *1 (quoting *Perfect 10, Inc. v.
4  Giganews, Inc.*, 847 F.3d 657, 677 (9th Cir. 2017) (cleaned up; ellipses in original)); *see also
5  Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985) (same tests under California state law).

6      The amended complaint does not allege facts establishing these elements.  Assuming again
7  for discussion's sake that Chris W. has plausibly alleged that PHP is wholly owned by PHS, the
8  "mere fact of sole ownership and control does not eviscerate the separate corporate identity that is
9  the foundation of corporate law." *Id*. (quoting *Katzir's Floor & Home Design, Inc. v. M-
10 MLS.com,* 394 F.3d 1143, 1149 (9th Cir. 2004)).  The unity of interests test requires facts showing
11 a "pervasive control over the subsidiary, such as when a parent corporation dictates every facet of
12 the subsidiary's business -- from broad policy decisions to routine matters of day-to-day
13 operation." *Ranza*, 793 F.3d at 1071 (internal quotations and citation omitted).  The amended
14 complaint offers nothing that demonstrates this level of control.

15     Chris W. also has not established that dismissing PHP would work an injustice or sanction
16 fraud.  "'The injustice that allows a corporate veil to be pierced is not a general notion of injustice;
17 rather, it is the injustice that results only when corporate separateness is illusory.'" *Foster*, 2021
18 WL 2633400, at *2 (quoting *Katzir's Floor & Home Design*, 394 F.3d at 1149).

19     Because this is a second amended complaint, the Court finds leave to amend is not
20 warranted.  *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).  PHP is dismissed
21 without prejudice.  If facts developed during discovery give rise to a good-faith basis for seeking
22 to assert alter ego liability with respect to PHP, Chris W. may file a request to amend under
23 Federal Rule of Civil Procedure 15.

24     **IT IS SO ORDERED.**
25 Dated: August 10, 2021

JAMES DONATO
United States District Judge

2