Nancy B. Pridgen, GA Bar # 587949
(*Pro Hac Vice* Admission)
nancy@pridgenbassett.com
Pridgen Bassett Law, LLC
138 Bulloch Ave.
Roswell, Georgia 30075
Telephone: (404) 551-5884
Facsimile: (678) 812-3654
Attorneys for Intel Defendant

Mark Crabtree, OSB #015070
mark.crabtree@jacksonlewis.com
JACKSON LEWIS P.C.
200 SW Market St., Ste. 540
Portland, Oregon 97201
Telephone: (503) 229-0404
Facsimile: (503) 229-0405

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHRIS W. & JENNIFER W., <br><br> Plaintiffs, <br><br> vs. <br><br> PROVIDENCE HEALTH PLAN; STATE OF OREGON PUBLIC EMPLOYEES BENEFIT BOARD PLAN; THE INTEL CORPORATION HEALTH AND WELFARE BENEFIT PLAN; BLUE CROSS OF CALIFORNIA dba ANTHEM BLUE CROSS; and DOES 1 through 10, <br><br> Defendants. | Case No.: 3:22-cv-00428-HZ <br><br> **INTEL DEFENDANTS' ANSWER TO PLAINTIFFS CHRIS W. AND JENNIFER W.'S THIRD AMENDED COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; ATTORNEYS' FEES AND COSTS; JURY TRIAL DEMANDED** |

Defendants The Intel Corporation Health and Welfare Benefit Plan (the "Intel Plan" or "Intel") and Blue Cross of California dba Anthem Blue Cross ("Anthem"), (collectively "Intel Defendants") hereby answer Plaintiffs Chris W. and Jennifer W.'s Third Amended Complaint ("TAC," doc. 95), showing the Court as follows:

## PRELIMINARY ALLEGATIONS

## JURISDICTION

1. Paragraph 1 of the TAC appears to be a jurisdictional statement to which no response is required. To the extent a response is required, Intel Defendants admit only that Plaintiffs are bringing their case claiming benefits under an employer-sponsored health benefit plan but deny that Plaintiffs are entitled to the relief sought under ERISA or any other statute or law. Any remaining allegations in Paragraph 1 of the TAC not specifically admitted herein are denied.

2. As to Paragraph 2 of the TAC, Intel Defendants admit only that the Intel Plan and its fiduciaries are governed by ERISA. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the remaining allegations in Paragraph 2 of the TAC and leave Plaintiffs to their proofs.

3. Paragraph 3 of the TAC appears to be a jurisdictional statement to which no response is required. To the extent a response is required, Intel Defendants admit only that Plaintiffs are bringing their case, and seek various forms of relief, under ERISA, but deny that Plaintiffs are entitled to the relief sought under ERISA or any other statute or law. Intel Defendants do not contest subject matter jurisdiction in this case. Any remaining allegations in Paragraph 3 of the TAC not specifically admitted herein are denied.

4. Paragraph 4 of the TAC appears to be a jurisdictional statement to which no

response is required. To the extent a response is required, Intel Defendants admit only that Plaintiffs are bringing their case, and seek various forms of relief, under ERISA, but deny that Plaintiffs are entitled to the relief sought under ERISA or any other statute or law. Intel Defendants do not contest subject matter jurisdiction in this case. Any remaining allegations in Paragraph 4 of the TAC not specifically admitted herein are denied.

## PARTIES

5. Intel Defendants are without sufficient information to admit or deny Plaintiffs' residency as articulated in Paragraph 5 of the TAC and leave Plaintiffs to their proofs.

6. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 6 of the TAC and leave Plaintiffs to their proofs.

7. Intel Defendants admit only that Plaintiff Jennifer W. is or was an employee of Intel Corporation ("Intel") at certain times relevant to the TAC. Any allegation in Paragraph 7 not admitted herein is hereby denied.

8. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 8 of the TAC and leave Plaintiffs to their proofs.

9. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 9 of the TAC and leave Plaintiffs to their proofs.

10. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 10 of the TAC and leave Plaintiffs to their proofs.

11. Intel Defendants admit only that Anthem is or was one of the claims administrators under the self-funded Intel Plan at certain times relevant to the TAC. Any remaining allegations in Paragraph 11 of the TAC not admitted herein are hereby denied.

12. Intel Defendants admit only that Plaintiff Jennifer W. is or was a participant of the

Intel Plan, an ERISA-governed employee welfare plan sponsored by Intel, at certain times relevant to the TAC.  Any allegation in Paragraph 12 not admitted herein is hereby denied.

13. Intel Defendants admit only that: (1) the Intel Plan is a self-funded health benefit plan that covers medically necessary treatment for, *inter alia,* mental health conditions for its participants and beneficiaries, according to the terms of the Plan; and (2) that Anthem, as one of the Intel Plan's third-party claims administrators, denied certain mental health claims submitted by Plaintiffs as not "medically necessary."  Any remaining allegations in Paragraph 13 of the TAC not admitted herein are hereby denied.

14. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 14 of the TAC and leave Plaintiffs to their proofs.

15. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 15 of the TAC and leave Plaintiffs to their proofs.

**FACTS**

16. Paragraph 16 of the TAC appears to summarize written documents, the contents of which documents speak for themselves; to the extent such documents differ from the allegations, the allegations are denied.  Intel Defendants admit only that the Intel Plan provides benefits for health care services (including mental health) under the terms of the Plan, which, *inter alia*, requires that such services be "medically necessary."  Any remaining allegations in Paragraph 16 not specifically admitted herein are hereby denied.

17. Upon information and belief, Intel Defendants admit only that the minor whose name is initialized as P.K.W. in the TAC is the minor daughter of Plaintiffs and, at certain times relevant to the TAC, a beneficiary of the Intel Plan.  Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations about the "PEBB Plan."

Any remaining allegations in Paragraph 17 not specifically admitted herein are hereby denied.

18. Intel Defendants admit only that the Intel Plan exists and provides benefits according to its terms. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations about the "PEBB Plan." Any remaining allegations in Paragraph 18 not specifically admitted herein are hereby denied.

19. Upon information and belief, Intel Defendants admit the allegations in Paragraph 19 of the TAC.

20. As to Paragraph 20 of the TAC, upon information and belief, Intel Defendants admit only that the self-funded Intel Plan is "secondary" to any other health coverage that may apply to P.K.W. during the relevant time period. Any remaining allegations in Paragraph 20 not specifically admitted herein are hereby denied.

21. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 21 of the TAC and leave Plaintiffs to their proofs.

22. Intel Defendants deny the allegations in Paragraph 22 of the TAC as averred.

23. Intel Defendants admit only that Anthem UM Services, Inc. is a subsidiary of Anthem, Inc. Any remaining allegations in Paragraph 23 not specifically admitted herein are hereby denied.

24. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 24 of the TAC and leave Plaintiffs to their proofs.

25. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 25 of the TAC and leave Plaintiffs to their proofs.

26. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 26 of the TAC and leave Plaintiffs to their proofs.

27.     Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 27 of the TAC and leave Plaintiffs to their proofs.

28.     Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 28 of the TAC and leave Plaintiffs to their proofs.

29.     Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 29 of the TAC and leave Plaintiffs to their proofs.

30.     Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 30 of the TAC and leave Plaintiffs to their proofs.

31.     Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 31 of the TAC and leave Plaintiffs to their proofs.

32.     Intel Defendants deny the allegations in Paragraph 32 of the TAC as averred.

33.     Intel Defendants deny the allegations in Paragraph 33 of the TAC as averred.

34.     Paragraph 34 of the TAC appears to summarize written documents, the contents of which documents speak for themselves; to the extent such documents differ from the allegations, the allegations are denied.  As to the Intel Plan, Intel Defendants admit only that all health care services must meet the criteria for medical necessity in order to be covered by the Intel Plan, according to its terms.  Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations about the "PEBB Plan."  Any remaining allegations in Paragraph 34 not specifically admitted herein are hereby denied.

35.     Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 35 of the TAC related to written documents (which documents speak for themselves), and leave Plaintiffs to their proofs.  Any remaining allegations in Paragraph 35 not specifically admitted herein are hereby denied.

36. Paragraph 36 of the TAC appears to summarize written documents, the contents of which documents speak for themselves; to the extent such documents differ from the allegations, the allegations are denied. Intel Defendants admit only that the Intel Plan defines medical necessity, according to its terms. Any remaining allegations in Paragraph 36 not specifically admitted herein are hereby denied.

37. Paragraph 37 of the TAC appears to contain a legal conclusion, to which no response is required. To the extent a response is required, Intel Defendants deny the allegations as averred.

38. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 38 of the TAC and leave Plaintiffs to their proofs.

39. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 39 of the TAC and leave Plaintiffs to their proofs.

40. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 40 of the TAC and leave Plaintiffs to their proofs.

41. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 41 of the TAC and leave Plaintiffs to their proofs.

42. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 42 of the TAC and leave Plaintiffs to their proofs.

43. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 43 of the TAC and leave Plaintiffs to their proofs.

44. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 44 of the TAC and leave Plaintiffs to their proofs.

45. Intel Defendants lack knowledge or information sufficient to form a belief about

the truth as to the allegations in Paragraph 45 of the TAC and leave Plaintiffs to their proofs.

46. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 46 of the TAC and leave Plaintiffs to their proofs.

47. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 47 of the TAC and leave Plaintiffs to their proofs.

48. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 48 of the TAC and leave Plaintiffs to their proofs.

49. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 49 of the TAC and leave Plaintiffs to their proofs.

50. Intel Defendants deny the allegations in Paragraph 50 of the TAC as averred.

51. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 51 of the TAC and leave Plaintiffs to their proofs.

52. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 52 of the TAC and leave Plaintiffs to their proofs.

53. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 53 of the TAC and leave Plaintiffs to their proofs.

54. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 54 of the TAC and leave Plaintiffs to their proofs.

55. Paragraph 55 of the TAC appears to summarize written documents, the contents of which documents speak for themselves; to the extent such documents differ from the allegations, the allegations are denied. To the extent a further response is required, upon information and belief, Intel Defendants admit only that Plaintiffs submitted claims for P.K.W.'s treatment at Uinta. Any remaining allegations in Paragraph 55 not specifically admitted herein are hereby denied.

56. Paragraph 56 of the TAC appears to summarize written documents, the contents of which documents speak for themselves; to the extent such documents differ from the allegations, the allegations are denied. To the extent a further response is required, Intel Defendants admit only that Plaintiffs' claims for P.K.W.'s treatment at Uinta were denied. Any remaining allegations in Paragraph 56 not specifically admitted herein are hereby denied.

57. Paragraph 57 of the TAC appears to summarize written documents, the contents of which documents speak for themselves; to the extent such documents differ from the allegations, the allegations are denied. To the extent a further response is required, Intel Defendants admit only that Plaintiffs appealed the denials of P.K.W.'s treatment at Uinta. Any remaining allegations in Paragraph 57 not specifically admitted herein are hereby denied.

58. Paragraph 58 of the TAC appears to summarize written documents, the contents of which documents speak for themselves; to the extent such documents differ from the allegations, the allegations are denied. To the extent a further response is required, Intel Defendants admit only that Plaintiffs' appeals for P.K.W.'s treatment at Uinta were denied. Any remaining allegations in Paragraph 58 not specifically admitted herein are hereby denied.

59. Intel Defendants deny the allegations in Paragraph 59 of the TAC as averred.

60. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 60 of the TAC and leave Plaintiffs to their proofs.

61. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 61 of the TAC and leave Plaintiffs to their proofs.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Recovery of Benefits Due Under and ERISA Benefit Plan Enforcement and Clarification of Rights, Prejudgment and Post Judgment Interest, and Attorneys' Fees and Costs, Pursuant to ERISA Section 502(a), 29 U.S.C. Section 1132(a)**

**(Against the Intel Corporation Anthem HDHP Plan, and Blue Cross of California dba Anthem Blue Cross,**

62. Intel Defendants incorporate all preceding paragraphs of this Answer as though fully set forth herein.

63. Paragraph 63 of the TAC appears to contain a legal conclusion, to which no response is required. To the extent a response is required, Intel Defendants admit only that ERISA Section 502(a) provides enforcement mechanisms for a number of claims including but not limited to recovery of benefits or enforcement of ERISA plan terms, and breaches of fiduciary duties under ERISA. Any remaining allegations in Paragraph 63 not specifically admitted herein are hereby denied.

64. Intel Defendants deny the allegations in Paragraph 64 of the TAC.

65. Intel Defendants deny the allegations in Paragraph 65 of the TAC.

66. Paragraph 66 of the TAC appears to contain a legal conclusion, to which no response is required. To the extent a response is required, Intel Defendants deny the allegations as averred.

67. Intel Defendants deny the allegations in Paragraph 67, including its subsections a. – d., of the TAC.

**SECOND CAUSE OF ACTION**
**(Breach of Contract Against PROVIDENCE HEALTH PLAN; STATE OF OREGON PUBLIC EMPLOYEES BENEFITS BOARD PLAN; and DOES 1-10)**

68. Intel Defendants incorporate all preceding paragraphs of this Answer as though fully set forth herein.

69. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 69 of the TAC and leave Plaintiffs to their proofs.

70. Intel Defendants lack knowledge or information sufficient to form a belief about

the truth as to the allegations in Paragraph 70 of the TAC and leave Plaintiffs to their proofs.

71. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 71 of the TAC and leave Plaintiffs to their proofs.

72. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 72 of the TAC and leave Plaintiffs to their proofs.

73. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 73 of the TAC and leave Plaintiffs to their proofs.

### THIRD CAUSE OF ACTION
**(Breach of the Covenant of Good Faith and Fair Dealing (Insurance Bad Faith) Against Providence Health Plan, and DOES 1 through 10)**

74. Intel Defendants incorporate all preceding paragraphs of this Answer as though fully set forth herein.

75. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 75 of the TAC and leave Plaintiffs to their proofs.

76. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 76 of the TAC and leave Plaintiffs to their proofs.

77. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 77 of the TAC and leave Plaintiffs to their proofs.

78. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 78 of the TAC and leave Plaintiffs to their proofs.

79. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 79 of the TAC and leave Plaintiffs to their proofs.

80. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 80 of the TAC and leave Plaintiffs to their proofs.

81. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 81 of the TAC and leave Plaintiffs to their proofs.

82. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 82 of the TAC and leave Plaintiffs to their proofs.

83. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 83 of the TAC and leave Plaintiffs to their proofs.

84. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 84 of the TAC and leave Plaintiffs to their proofs.

85. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 85 of the TAC and leave Plaintiffs to their proofs.

86. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 86 of the TAC and leave Plaintiffs to their proofs.

87. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 87 of the TAC and leave Plaintiffs to their proofs.

88. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 88 of the TAC and leave Plaintiffs to their proofs.

89. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 89 of the TAC and leave Plaintiffs to their proofs.

90. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 90 of the TAC and leave Plaintiffs to their proofs.

91. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 91 of the TAC and leave Plaintiffs to their proofs.

92. Intel Defendants lack knowledge or information sufficient to form a belief about

the truth as to the allegations in Paragraph 92 of the TAC and leave Plaintiffs to their proofs.

93. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 93 of the TAC and leave Plaintiffs to their proofs.

94. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 94 of the TAC and leave Plaintiffs to their proofs.

95. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 95 of the TAC and leave Plaintiffs to their proofs.

96. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 96 of the TAC and leave Plaintiffs to their proofs.

**PRAYER FOR RELIEF**

**AS TO THE ANTHEM PLAN (INCLUDING THE INTEL PLAN DEFENDANT) AND BLUE CROSS OF CALIFORNIA dba ANTHEM BLUE CROSS**

97. Intel Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 97 of the TAC, or any other relief.

98. Intel Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 98 of the TAC, or any other relief.

99. Intel Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 99 of the TAC, or any other relief.

100. Intel Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 100 of the TAC, or any other relief.

101. Intel Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraph 101 of the TAC, or any other relief.

**PRAYER FOR RELIEF**

## AS TO PROVIDENCE HEALTH PLAN AND STATE OF OREGON PUBLIC EMPLOYEES BENEFIT BOARD PLAN

102. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 102 of the TAC and leave Plaintiffs to their proofs.

103. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 103 of the TAC and leave Plaintiffs to their proofs.

104. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 104 of the TAC and leave Plaintiffs to their proofs.

105. Intel Defendants lack knowledge or information sufficient to form a belief about the truth as to the allegations in Paragraph 105 of the TAC and leave Plaintiffs to their proofs.

106. Any allegation in the TAC not specifically admitted above is hereby denied.

### FIRST DEFENSE

Plaintiffs' claims against Intel Defendants, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims against Intel Defendants are barred as a result of their failure to satisfy the Plan's terms.

### THIRD DEFENSE

The third-party claims administrator of the Intel Plan has been granted discretionary authority to interpret the Plan, make eligibility determinations under the Plan, and make any and all factual determinations under the Plan. The claims administrator properly exercised its discretion in considering Plaintiffs' claims. Its determination is entitled to deference and should be upheld because it is not "arbitrary and capricious" or an "abuse of discretion."

**FOURTH DEFENSE**

Plaintiffs are limited to the evidence and arguments presented during the administrative process with regard to the Intel Plan.

**FIFTH DEFENSE**

Plaintiffs have a duty to mitigate any damages and failure to do so limits or eliminates any right to recovery.

**SIXTH DEFENSE**

If Plaintiffs are found to be entitled to payment of any benefits under the Intel Plan, those benefits are subject to be offset by all other benefits (including, *e.g.*, Medicare or other health coverage) which Plaintiffs may be receiving or may be eligible to receive.

**SEVENTH DEFENSE**

This proceeding is an "action for review of an administrative record" under the meaning of Fed. R. Civ. P. 26(a).

**EIGHTH DEFENSE**

Intel Defendants reserve the right to assert additional defenses if additional facts are discovered.

WHEREFORE, having fully answered the TAC, Intel Defendants request that the Court dismiss the same and enter an order awarding Intel Defendants their costs, attorneys' fees pursuant to 29 U.S.C. § 1132(g), and such other relief as the Court deems proper.

Date: December 19, 2022            **PRIDGEN BASSETT LAW, LLC**

                                   By: Nancy B. Pridgen
                                   NANCY B. PRIDGEN
                                   (*Pro Hac Vice* Admission)

                                   Attorney for the Intel Defendants

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was electronically filed using the Court's CM/ECF system, which will automatically serve a copy upon all counsel of record.

Respectfully submitted on December 19, 2022.

/s/ Nancy B. Pridgen
Nancy B. Pridgen, Esq.
(*Pro Hac Vice* Admission)