ELLEN F. ROSENBLUM
Attorney General
SETH T. KARPINSKI  #991907
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  seth.t.karpinski@doj.state.or.us

Attorneys for Defendant PEBB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRIS W. & JENNIFER W.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PROVIDENCE HEALTH PLAN; STATE OF OREGON PUBLIC EMPLOYEES BENEFIT BOARD PLAN; THE INTEL CORPORATION HEALTH AND WELFARE BENEFIT PLAN; BLUE CROSS OF CALIFORNIA dba ANTHEM BLUE CROSS; and DOES 1 through 10,<br><br>        Defendants. | Case No.  3:22-cv-00428-HZ<br><br>DEFENDANT OREGON PUBLIC EMPLOYEES' BENEFIT BOARD'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT |

## LR 7-1 CERTIFICATION

The undersigned counsel conferred with counsel for plaintiffs Chris W. and Jennifer W., by telephone and email, regarding the potential motion to dismiss for lack of jurisdiction. The parties could not reach agreement requiring the State to file this motion to dismiss.

Page 1 -   DEFENDANT OREGON PUBLIC EMPLOYEES' BENEFIT BOARD'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT
    STK/jm8/752918808

## MOTION

Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), defendant State of Oregon Public Employees' Benefit Board (the "State") moves for the Court to dismiss Plaintiffs' Third Amended Complaint as to the State because (1) this Court lacks personal jurisdiction under the Eleventh Amendment, (2) Plaintiffs cannot sue state actors for money damages in federal court, and (3) asserting supplemental jurisdiction over the State would violate the Eleventh Amendment.

## BACKGROUND

Plaintiffs Chris W. and Jennifer W. ("Plaintiffs") purport to be suing the State for breach of contract. Plaintiffs allege that they were third-party beneficiaries of a contract between the State and defendant Providence Health Plan ("Providence"). (Dkt. #91, 3d Amd. Compl. ¶ 70.) Plaintiffs allege further that Providence breached its contract with the State because Providence allegedly "fail[ed] to authorize urgent and medically necessary mental health care in response to claims submitted by Plaintiffs." (3d Amd. Compl. ¶ 72.) Plaintiffs make no allegation that the State breached its contract beyond a reference to damages purportedly flowing from "Defendants' breaches of contract." (3d Amd. Compl. ¶ 73.)  Plaintiffs concede that the State is not governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (3d Amd. Compl. ¶ 2).

## MEMORANDUM OF LAW

### I.    Applicable Legal Standard.

A motion to dismiss for lack of personal jurisdiction is governed by Rule 12(b)(2). *See* Fed. R. Civ. P. 12(b)(2). When opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013); *Lienemann v. Cruise Ship Excursions, Inc.*, 349 F.Supp.3d 1269 (S.D. Fla. 2018).

Page 2 -   DEFENDANT OREGON PUBLIC EMPLOYEES' BENEFIT BOARD'S MOTION TO
           DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT
     STK/jm8/752918808
                          Department of Justice
                          1162 Court Street NE
                          Salem, OR 97301-4096
                      (503) 947-4700 / Fax: (503) 947-4791

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A well-pleaded claim requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet that standard, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 pleading requirements demand more than conclusory allegations of law dressed as facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, Rule 8 requires allegations of facts that plausibly support a claim for relief, rather than facts that are merely consistent with the plaintiff's theory. *Twombly*, 550 U.S. at 556-63; *Iqbal*, 556 U.S. at 678-79 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.")

## II.    Legal Arguments

### A.  This Court lacks personal jurisdiction.

It is well-established that in federal court, the Eleventh Amendment to the United States Constitution ("Eleventh Amendment") bars suits against a state or its agencies for all types of relief, absent unequivocal consent by the state. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.* 506 U.S. 139, 144 (1993). "[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) (holding that an un-consenting state and its agencies are immune from suit in federal court, regardless of the relief sought). The State of Oregon has not consented and does not consent to suit in federal court.

Furthermore, while the Oregon Tort Claims Act ("OTCA") waived the State's immunity from suit in state courts, such action did not constitute a waiver of Eleventh Amendment immunity in federal court. *Pennhurst*, 465 U.S. at 99 n.9 (stating, "a State's waiver of sovereign

Page 3 -    DEFENDANT OREGON PUBLIC EMPLOYEES' BENEFIT BOARD'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT
  STK/jm8/752918808

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts"). Although "the State of Oregon has consented to be sued in Oregon courts for the torts committed by its employees, officers, or agents while acting within the course and scope of their employment under the OTCA, it has not consented to be sued in federal courts for those torts." *Blair v. Toran*, No. CV-99-956-ST, 1999 WL 1270802, at *23 (D. Or. Dec. 2, 1999), *aff'd*, 12 F. Appx 604 (9th Cir. 2001). Thus, this Court has repeatedly held that the OTCA "does not waive the State of Oregon's Eleventh Amendment immunity to suit in federal court." *Webber v. First Student, Inc.*, 928 F. Supp. 2d 1244, 1269 (D. Or. 2013); *accord, e.g.*, *Est. of Pond v. Oregon*, 322 F. Supp. 2d 1161, 1165 (D. Or. 2004) ("The Oregon Tort Claims Act is a waiver of sovereign immunity but does not waive Eleventh Amendment immunity. Thus, suits by private parties against the state must be brought in state court."). Therefore, the State should be dismissed as a defendant for lack of personal jurisdiction.

### B.  Plaintiffs cannot seek damages against the State in federal court.

Plaintiffs' prayer for money damages (see 3d Amd. Compl. ¶¶ 105-111) must be dismissed against the State on the grounds of Eleventh Amendment immunity. It is well established that neither the State nor State officials sued in their official capacity are subject to suits for damages in federal court. *See, e.g., National Assoc. of the Deaf v. Florida*, 980 F.3d 763 (11th Cir. 2020); *Ostroff v. State of Fla., Dept. of Health & Rehabilitative Services*, 554 F.Supp. 347, 354-355 (M.D. Fla. 1983); *Kentucky v. Graham*, 473 US 159 (1985). The Eleventh Amendment limits federal courts to issuing declaratory and injunctive relief against state officials to stop a continuing violation of federal law. *Lambert v. Bd. of Trustees*, 739 Fed. App'x 938 (11th Cir. 2019). Plaintiffs' breach of contract claim for damages must be dismissed against the State on Eleventh Amendment immunity grounds.

Page 4 -  DEFENDANT OREGON PUBLIC EMPLOYEES' BENEFIT BOARD'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT
STK/jm8/752918808

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**C. Asserting supplemental jurisdiction over the State would violate the Eleventh Amendment.**

"[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." *Pennhurst,* 465 U.S. at 121 (holding that an un-consenting state and its agencies are immune from suit in federal court, regardless of the relief sought). The State of Oregon has not consented and does not consent to suit in federal court. This Court's ability to assert supplemental jurisdiction under 28 USC § 1367 does not override the State's constitutional right not to be sued in federal court without its consent. Therefore, this Court should dismiss all claims against the State because it cannot assert supplemental jurisdiction without violating the Eleventh Amendment.

**III.   Conclusion**

For the foregoing reasons, the Court should dismiss Plaintiffs' Third Amended Complaint against the State for lack of personal jurisdiction under the Eleventh Amendment. Additionally, Plaintiffs cannot recover monetary damages from the State in federal court, thereby leaving Plaintiffs without a claim upon which relief against the State can be granted.

DATED July 14, 2023.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

 *s/ Seth T. Karpinski*
SETH T. KARPINSKI #991907
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
seth.t.karpinski@doj.state.or.us
Attorneys for Defendant PEBB

Page 5 -   DEFENDANT OREGON PUBLIC EMPLOYEES' BENEFIT BOARD'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT
STK/jm8/752918808

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791